PATTERSON *v.* PATTERSON *et al.**

(Division A.   April 9, 1928.   Suggestion of Error Overruled May 14, 1928.)

[116 So. 734.   No. 26967.]

*Corpus Juris-Cyc. References: Wills, 40 Cyc, p. 1386, n. 85; p. 1411, n. 10; p. 1412, n. 16; p. 1414, n. 26; p. 1672, n. 47; p. 1677, n. 73. On the rule in construction of will intention of testator to be collected from whole will, see 28 R. C. L. 215; 4 R. C. L. Supp. 1805. On construction of will to avoid absurdity favored, see 28 R. C. L. 208.

*Smith & Smith,* for appellant.

184

*Wall Doxey* and *Hindman Doxey*, for appellees.

Argued orally by *L. A. Smith, Sr.,* and *Jr.,* for appellant, and *Hindman Doxey,* for appellee.

Cook, J. The complainant, Mrs. Mary Pennington Patterson, filed an original bill in the chancery court of Marshall county, against W. B. Patterson and Mrs. Clara Patterson McClatchey, seeking a partition of certain lands therein described, and which she claims to own an undivided one-third interest.

The bill alleged that, on or about January 9, 1924, she became the lawful wife of J. L. Patterson, who died intestate on or about February 22, 1925, and that she was his sole surviving heir at law; that her late husband, the said J. L. Patterson, was a son of M. L. Patterson, who died testate on or about the 28th day of March, 1913, leaving surviving him his widow, Mrs. Josephine Patterson, and three children, J. L. Patterson, the husband of complainant, and the two defendants, W. B. Patterson and Mrs. Clara Patterson McClatchey; that under the

terms and provisions of the last will and testament of the said M. L. Patterson, deceased, there was devised to his widow, Mrs. Josephine Patterson, a life estate in all of his property, with a vested remainder in his three children, with possession postponed until the death of the life tenant, but with the further proviso that when all the children were married the property could be disposed of in such way and manner as seemed best, and divided among the living children.

It was further alleged that, although all the children became married many years ago and then and there the vested remainder became subject to division among the said children, subject to the life estate of the said Mrs. Josephine Patterson, by mutual forbearance, no effort was made to divide the same, and at the time of the death of the said life tenant their inheritance was still undivided, as it was at the time of the death of the complainant's husband; that the life tenancy having been terminated, the vested remainder is merged with the possession, and the parties to the bill of complaint are entitled to a partition of said lands, each being entitled to one-third thereof, the complainant, as sole surviving heir at law of her deceased husband, being entitled to his share or interest in all the property devised and bequeathed under the will of the said M. L. Patterson, deceased, and particularly referred to and described in the bill of complaint.

The bill further averred that Mrs. Josephine Patterson, the widow of M. L. Patterson, died on February 4, 1927, while J. L. Patterson, the husband of complainant, died on February 22, 1925, and prayed that all the property, both real and personal, be divided in kind if practical, and, if not, that it be sold and the proceeds divided, share and share alike, between the complainant and defendants; and that the court, by its decree, establish and declare, as a matter of right and law, that under the terms of said will the complainant, on the death of her husband, succeeded to and now has and owns, as his sole

heir, all the rights he would have under said will if he were now living. To this bill of complaint, the defendants filed a demurrer challenging the right of the complainant to any share or interest in the property under the facts alleged, which demurrer was sustained, and from the decree sustaining this demurrer an appeal was granted to settle the principles of the case.

This appeal requires a construction of the said last will and testament of M. L. Patterson, deceased, which will is filed as an exhibit to the bill of complaint and reads as follows:

"I hereby will all my property to Josephine my beloved wife during her life time, for she has worked hard and helped me to make what we have gathered around us of this worlds goods and I want her to have the benefits and control of it as long as she lives the lands is not to be sold nor any mortgage or any incumbrance made on the property that I leave, and at my wife's death if there is one or more of our children living and unmarried they that are single are to have the control and benefits of the farm and all property left on it, and if any of them should ever marry against the will of the other members of the family in so doing they are to be forever barred from any part or lot in my estate and when all are married or none of them is left single the property can be disposed of in such way and manner as seemeth best and divided equally among our living children now I have wrote this with my own hand and free will and accord and here unto affix my name and date.                              Signed M. P. Patterson.

"A. D. October the 6th, 1911."

The dominant purpose of the testator was to provide a home for his wife, in the possession of which she could not be disturbed during her natural life, and, to accomplish this purpose, he devised to her a life estate in all of his property with the further provision that, so long as she lived, none of the property should be sold or incumbered. Having provided for his wife, it was clearly

his purpose to provide a home for any of his children who were living and single at the time of his wife's death, so long as they continued single; and this is made manifest by the provision that "at my wife's death, if there is one or more of our children living and unmarried, they that are single are to have the control and benefits of the farm and all property left on it." This is followed by the further provision that "if any of them should ever marry against the will of the other members of the family in so doing they are to be forever barred from any part or lot in my estate." But it is admitted that, under the facts, this provision never became operative, and it is immaterial here except in so far as it may shed light upon the intent and purpose of the testator, and the question as to when the remainder became vested. The testator then finally provided that "when all are married and none of them is left single the property can be disposed of in such way and manner as seemed best and divided equally among our living children." While the will does not contain the usual and proper marks of punctuation, the provisions and limitation thereof may properly be separated as above outlined, from which it apears that the testator created a life estate in his wife, with remainder to one or all of his children as the facts might exist at the time the remainder became vested.

The appellant contends, first, that this remainder was not contingent, but that it vested at the death of the testator in his then living children, with the right of possession postponed until the death of the life tenant; and, second, that if mistaken in the view that the remainder vested at the death of the testator, it necessarily vested when all the testator's children were married and none of them were left single, none having married against the will of the other members of the family. The appellees contend that the class to whom the remainder was devised could not be determined until the death of

the life tenant, and that the remainder, which was contingent upon the happening of that event, vested in the children of the testator who were then living.

It is a cardinal rule of construction that a will should be so construed, if possible, as to effectuate the purpose of the testator, and in order to ascertain the purpose and intent of its maker, the whole text of the will must be taken into consideration; and where the language of the will is ambiguous and the intent of the maker obscure, a construction which will effect a just, natural, and reasonable disposition in accordance with the laws of descent and distribution is favored, unless there is a manifest intention to the contrary; and it has been held by this court, in line with the authorities generally, that "the law favors vested estates, and no remainder will be construed to be contingent which may, consistently with the intention" of the testator, "be deemed vested." *McDaniel* v. *Allen*, 64 Miss. 417, 1 So. 356.

In the will now before us, however, it seems perfectly clear that it was not the intention of the testator that the remainder should vest at his death, but it was conditioned upon the happening of events which could not be known or determined at that time. It was clearly his purpose to provide a home for, and give the use and benefits of the property to, such of his children as were unmarried and single at the date of the death of the life tenant. At the time of the testator's death, the record shows that at least one of his children was still unmarried, and until the death of the life tenant, it was not possible to determine whether any of them would be single at that time; and while it may be that the provision that those of his children who were unmarried and single at his wife's death should have the "control and benefits" of the farm and all the property left on it is not inconsistent with a vested estate with the right of possession postponed until the last one of his children was married, still when it is considered in connection

with the provision that if any of the children should ever marry against the will of the other members of the family, by so doing they were to be forever barred from any part or lot in the estate, it seems clear to us that the testator did not intend that the remainder should vest at his death.

By the last provisions there is expressed the clear and unmistakable intention to disinherit any of his children who married against the will of the other members of the family; and while it is true that it is conceded that none of the children married against the will of the other members of the family, and consequently, that this provision was never called into play, still it throws a flood of light on the intention of the testator and makes it manifest that it was his intention that the remainder should not vest until that fact had been definitely determined. Consequently, we do not think the remainder vested at the death of the testator.

The next question for consideration is whether or not the remainder vested when all of the children married, none of them having married against the will of the other members of the family. The provision of the will upon which rests the contention that the remainder vested when all of the children were married is, "when all are married and none of them is left single the property can be disposed of in such a way and manner as seemeth best and divided equally among our living children." That the testator did not intend by this provision that the entire estate might be sold or divided whenever all the children were married, provided this eventuality occurred before the death of the life tenant, is perfectly manifest, since so to do would defeat the purpose which he so plainly expressed and carefully guarded in the first provision of the will, that is, that the life tenancy devised to his wife should not be sold, terminated, incumbered, or in any way disturbed during her lifetime.

That it was not so intended is also manifest from the fact that it was expressly provided that such of his children as might be "unmarried and single" at the time of

his wife's death should have the "control and benefits" of the property so long as they continued single, and until the death of the life tenant it was not possible to determine whether any of the children would then be unmarried and single. Did the testator by this provision intend that when all of his children were married they might sell the remainder, which would become vested in them upon the happening of that event? We think not.

It is provided that when none of the children are left single, the property may be disposed of in any way or manner deemed by them best and divided among the living children. This provision contemplates a disposition of the entire estate, or a possible equal division in kind of the entire property among the then living children. When then did the remainder become vested and the right of disposition or division of the estate arise? At the death of the life tenant if all of the children then living were married, and, if not, at such time thereafter as all of them became married. This record shows that at the date of the life tenant's death all of the testator's living children were married, and therefore the remainder created by the will vested at that time in the children then living. Not until the marriage of the last child at or after the death of the life tenant could the class who would take the remainder be determined.

The decree of the court below sustaining the demurrer to the bill will, therefore, be affirmed and cause remanded.

*Affirmed and remanded.*