## Dealy *et al. v.* Keatts *et al.*

(Division A.   May 12, 1930.)

[128 So. 268.   No. 28494.]

**A. M. Byrd,** of Meridian, for appellants.

414

Reily & Parker, of Meridian, for appellees.

416

Argued orally by **A. M. Byrd**, for appellant.

**McGowen, J.**, delivered the opinion of the court.

This appeal involves the construction of item 5 of the last will and testament of Mrs. M. W. Phillips, deceased, which reads as follows:

"Item V. The two cottages, one in East end and one in West end, shall be sold, if not sold previous to my death, and one-tenth given to the church of which I am a member, and the rest divided between the two grand-daughters of my husband, Dr. J. R. Phillips (Mattie and Daisy Andrews) and the balance to Brother George's children."

It is conceded that the other items of the will shed no light on, nor in any way assist in the construction of, this section. It appears that in the lower court in the final distribution of the estate, the will was construed to the effect that the bequest of one-tenth of the proceeds

received from the sale of the two cottages to the church was void. As to the other nine-tenths, the court held that the language used by the testatrix vested the absolute right in the two granddaughters of Dr. J. R. Phillips, Mattie and Daisy Andrews, and that the children of "Brother George" take no part therein, for the reason that the estate was exhausted by the payment of the share bequeathed to Mattie and Daisy Andrews, granddaughters of the testatrix's husband.

After this decree had been entered, but before the two-year period had expired, the children of "Brother George" filed their petition in the chancery court for a rehearing on the construction of the will, under which petition issue was joined; and upon final hearing the court adhered to the construction placed upon the will in the former decree, and entered its final decree construing the will as above indicated.

The appellants contend here that the will clearly shows that the testatrix intended that the children of "Brother George" should have a share of the proceeds from the sale of the two cottages, and that the proper construction of the will should be that the remaining nine-tenths of the proceeds should be divided between them, namely, one share to the granddaughters of Dr. Phillips, and the other to the children of "Brother George." Appellants urge that the children of "Brother George" are the testatrix's nieces by blood, while Daisy and Mattie Andrews are not, but are the blood relatives of the testatrix's deceased husband. Appellants then insist if they are in error in this construction of the will, then the nine-tenths of the proceeds from the sale of the two cottages should be divided per capita among the heirs, Daisy and Mattie Andrews, granddaughters of the testatrix's deceased husband, and the five children of "Brother George."

After bequeathing one-tenth to the church from the proceeds of the sale of the two cottages, the language of the will, "and the rest divided between the two granddaughters of my husband, Dr. J. R. Phillips (Mattie and

Daisy Andrews),'' on its face, disposes of the remaining nine-tenths' interest after paying to the church its one-tenth interest, but there is added then the words ''and the balance to Brother George's children.''

Taking the language of the will as written, and complying with the bequest to the two granddaughters of the testatrix's husband, there of necessity could and would be no balance to be paid to any one. Appellants insist that it was not the intention of testatrix to cut' off her own blood kin, the children of ''Brother George,'' because at the time she wrote the will, it was bound to have been known by her that if the ''rest'' was paid to the two granddaughters there could be no balance to be paid to the children of ''Brother George,'' and urge upon us with great zeal the unfairness of the construction and the manifest failure of the testatrix, in writing the will, to use apt words to effect the disposal of the property, as they say, the will clearly indicates. Appellants recognize further that the use of the words ''and the balance to Brother George's children'' makes the will difficult of construction from their standpoint, but insist that because the will shows that it was drawn by one unskilled, a construction should be placed upon the will so as to give all the objects of the testatrix's bounty that which would be fair and equitable in the law, and that to apply the language of the will literally would cut out her own blood kin to the enrichment of those who were only related by marriage.

The rule is well established in this state that the intention of the testator is to be determined by the court, and effect is to be given to that intention unless contrary to the law or public policy. See Patterson v. Patterson et al., 150 Miss. 179, 116 So. 734, and authorities there cited. And the intention of the testator or testatrix must be determined from the will construed as a whole, each part considered with relation to the other parts; and if possible, all parts should be considered as portions of a consistent whole. See Patterson v. Patterson, supra.

Where the language of the will is ambiguous and the intention of the testator or testatrix is obscured thereby, a construction should be placed on the will that will apportion his or her property in a just, natural, or reasonable manner, and will favor his or her heirs at law, or his or her own blood kin, in preference to persons not so closely related. See Patterson v. Patterson, supra, and authorities. The latter of two clauses of a will that are in irreconcilable conflict is the latest expression of the intention of the testator or testatrix where there is no other guide, and should prevail; but, in this case, there is no repugnancy between the bequest of the rest of the property to Daisy and Mattie Andrews, and the further bequest of the balance of the property to the children of "Brother George." These bequests are not repugnant or irreconcilable. It just happened that all of the property was disposed of to the first-named takers and there remained no balance which the children of "Brother George" could take. The fact that the testatrix knew this, or should have known it, and then using the language she did, only indicate strongly that we are forbidden to change or alter the will by interpolating words when there is no inconsistency or repugnancy, as it is altogether possible to convey a portion of property to one individual and then provide that the balance is bequeathed to another individual; and if, perchance, it happens that the entire estate is exhausted by the first takers, the language of the second bequest is not changed by construction, but simply fails because there is no property upon which it can rest. Courts are not authorized to rewrite wills; that is the province of the testator or testatrix so long as he or she does not violate the law or public policy.

The language of this will is plain and unambiguous, and the words used are amply sufficient to convey the estate. The difficulty is that it provides for the disposal of a residue without creating one. It is not for the court, at all hazards, to furnish property in order that named individuals may take under a will. If the testator ex-

hausts his estate in a legal manner, although he mentions another to take a residue, the latter fails in the face of the fact that no residue exists. We have given to these words their natural and ordinary meaning, and there is no technical construction to be placed upon the language; the language used in the item is plain and fully adequate to dispose of the estate. We cannot alter its meaning, nor supply words when it does not appear that they were omitted unintentionally; nor can we strike out words which have meaning or give the words used another and different meaning than that to which their use in the connection is applied. We cannot imagine what the testatrix had in her mind, and we are not permitted to indulge in fanciful imaginations. The will must be construed and the intention ascertained from the usual and ordinary meaning of the language expressed therein. The remainder over to include the children of "Brother George" fails because of the lack of property to which it could be applied, and not from any ambiguity or repugnancy in the will of the testatrix; and in no sense can the will be so construed as to say that the last provision for the children of "Brother George" in any way withdrew, changed, or cut down the bequest already bestowed in plain language upon Mattie and Daisy Andrews. The testator's power of disposition by will, according to law, must remain inviolate, and must be placed beyond the interference of interested parties or courts.

Affirmed.