BRUMFIELD *v.* ENGLESING *et al.*

(Division B.   May 19, 1947.)

[30 So. (2d) 514.   No. 36466.]

**Wells, Wells, Newman & Thomas,** of Jackson, for appellant.

Truly & Truly, of Fayette, for appellees.

Argued orally by **Miss Martha Gerald**, for appellant, and by **E. G. Truly**, for appellees.

**Alexander, J.**, delivered the opinion of the court.

Bill was filed by appellant to construe the will of her father, J. M. Taylor, and for cognate relief. The will is holographic and in the following form:

"I, J. M. Taylor of Port Gibson, Miss. of sound and disposing mind and memory and being over twenty one years of age, do hereby make, publish and declare this to be my last will and testament revoking all others:

"I leave, will and devise any and all real estate I own in Claiborne and Lowndes Counties or elsewhere in Mississippi or other states also any gas and oil or other mineral holdings or leases also any choses in action.

"(2) I likewise leave unto her my wife Maggie W. Taylor all personal property I own of every nature and kind including my Life Insurance in Woodmen of the World, and the Equitable Life Assurance Society of New York—

"I name and appoint said Maggie W. Taylor my executrix without bond or necessity of inventory.

"J. M. Taylor."

The bill prayed an adjudication that, as to the real estate of the testator, he died intestate and that complainant, who is his daughter, be decreed the owner as the only child, of an undivided one-half interest therein. A general and special demurrer were filed and both sustained. From the decree dismissing the bill Mrs. Brumfield appeals. The widow, Mrs. Maggie W. Taylor, died pendente lite, and revivor was decreed, substituting her sister, Mrs. Englesing, who is her sole heir, and Frank C. Englesing, her administrator, as parties.

We shall confine our discussion to the validity of the will as a devise of the real property, that being the only point argued by appellant.

It will be sensed at once that the absence of a designated devisee in the second paragraph of the purported will must be supplied, if at all, from the implications of the words 'likewise' and 'her my wife Maggie W. Taylor,' in the sentence following.

Both parties agree upon the applicable principles of construction. These are, succinctly stated, that the intent of the testator is controlling, and that in ascertaining such intent regard must be had to the whole instrument, and due weigth given to every word of it. Ball v. Phelan, 94 Miss. 293, 49 So. 956, 23 L. R. A. (N. S.) 895; Dealy v. Keatts, 157 Miss. 412, 128 So. 268; Cross v. O'Cavanagh,

198 Miss. 137, 21 So. (2d) 473; Yeates v. Box, 198 Miss. 602, 22 So. (2d) 411.

Appellant, however, argues that there is no material from which a definite intent to dispose of realty can be constructed; that courts cannot reform a will; that a presumption should be invoked that the testator intended a just and natural disposition thereof, and an intent to exclude his daughter is therefore negatived; and that the devises and bequests should be construed separately.

It is not clear how a devise to the wife would be otherwise than just or natural, to say nothing of the conformity to the prescribed marriage contract which binds the contracting parties to cleave only unto each other, though this require forsaking all others. Yet we need not rationalize our conclusions.

The testator by his own language bequeathed all his personalty to his wife, Maggie W. Taylor. The second paragraph is tied to the third by the testator's desire to conform the disposition of the personalty with that intended as to the realty. "Likewise" borrows from the preceding paragraph the same manner and method of disposition; the pronoun "her" finds its antecedent in the spirit and purpose of the devise. The pronoun would be ambiguous were it not placed in apposition to the full name of his wife; it would be meaningless if there were no antecedent expressed or implied. Wherefore, we must choose between disregarding the words "likewise" and "her" as meaningless or useless, or "by giving due weight to every word of" the will construe it in a manner that will invest each word with meaning and significance.

The learned chancellor found that the intention of the testator was to devise his real property "likewise" to his wife, with which conclusion, being compatible with reason and justice, and doing violence to neither grammar lexicon, we are constrained to agree.

Affirmed.