KING, EXECUTRIX, ETC. *v.* KING, et al.

No. 40947          January 12, 1959          108 So. 2d 220

*Barnett, Jones & Montgomery,* Jackson; *John K. Keys,* Collins, for appellants.

*W. W. Dent,* Collins, for appellees.

ARRINGTON, J.

Mrs. Esther Barnes King, executrix of the estate of W. Meddie King, deceased, et al., appellants, appeal from a decree of the Chancery Court of Covington County

sustaining a demurrer to a petition for construction of a will.

W. Meddie King died on August 15, 1952, leaving a last will and testament which was duly probated. The will is as follows:

"I, W. Meddie King, of Covington County, Mississippi, being more than twenty-one years of age, and of sound and disposing mind, make this, my will and testament, revoking all others. I give, devise and bequeath all my estate and property, real, personal and mixed of whatever kind and wherever situated that I own at my death as follows:

"Item I. I desire and request that all my just debts and funeral expenses be paid as soon after my death as can conveniently be done.

"Item II. I give, devise and bequeath to each of my three children, William M. King, Jr., Samuel S. King, and Mrs. Eula Mae King Dyer $500.00 of stock in the Mississippi Chemical Cooperative Association.

"Item III. I give, devise and bequeath to my beloved wife Mrs. Esther Barnes King, all the residue of my said estate, real, personal or mixed of whatever kind or description and wherever situated to be used by her in any way she deems fit so long as she remains unmarried but not to be disposed of during her life if she remains unmarried unless necessity should arise which in her judgment and discretion makes it necessary but she may have the farm cultivated and make use of the proceeds of the produce raised for paying expense of such operation and pay support for herself, pay taxes on the property and pay for upkeep of the property and improvements as she deems necessary and proper to make from time to time, and she may make contracts for the rent and operation of the farm and premises in all respects as in her judgment are necessary and proper in her discreation, and also pay any lien or liens on any of said property, if any, but she may sell the land known as the J. P. Rogers 40 acres, more or less, in Section 3, Township

Nine (9) North, Range 16 West, in said county and apply the proceeds as she deems proper.

"Item IV. If my said wife, Mrs. Esther Barnes King, should remarry then any property of my estate remaining at such remarriage shall descend to my legal heirs, that is to my said wife and my said children or to the legal heirs of such child if any of said children should be dead, in the same way as though this will and testament should not have been executed.

"Item V. I nominate and appoint as the Executrix of this my will my said wife, Mrs. Esther Barnes King, to serve as such without being required to give bond or other security as such Executrix.

W. Meddie King left surviving him his widow, Mrs. Esther Barnes King, Samuel S. King, an adult unmarried son, W. M. King, Jr., an adult married son, and Mrs. Eula Mae King Dyar, an adult married daughter. W. M. King, Jr., has one child, Susan Gail King, and Mrs. Eula Mae King Dyar has two children, David and Jan Dyar. Mrs. King, the executrix, filed a petition in which she was joined by the three adult children, praying for a construction of the will and for authority to sell certain lands. The minor child of W. M. King, Jr., and the two minor children of Mrs. Dyar were made parties defendant to the petition. The widow alleged in the petition that she had remained unmarried and due to the lack of funds she was unable to improve the property and keep the same in a suitable condition for farming; that the land and improvements were deteriorating in value and that there existed a deed of trust to the Federal Land Bank of New Orleans on said property in the approximate amount of $1,000; that she does not have sufficient funds to pay said indebtedness.

The petition states that W. M. King, Jr., has offered to purchase 160 acres of the land for the sum of $4,100 cash and that "it is necessary within the terms and provisions of said last will and testament of said W. Meddie King, deceased, for Mrs. King to sell said 160 acres of

land for said purchase price in order to improve the remaining 240 acres of said land, to repair and improve the dwelling house on the 240 acres of land, to pay off said indebtedness against said property in the approximate sum of $1,100 now owing unto the Federal Land Bank of New Orleans.'' The petition further states that the minor children are joined as defendants on the theory that the children might survive the parents and that there is a possibility of them having an executory interest in the property under the provisions of Item IV of the will. They prayed for a construction of the will authorizing the widow under her power of disposition in the will to sell the property of the estate of the deceased when considered necessary by her, and to adjudicate that such necessity now exists according to the terms of the will; and to adjudicate that the sale of the 160 acres under the circumstances is binding upon the petitioners, the minor defendants in said petition and the legal heirs of the co-petitioners.

The court appointed W. W. Dent, attorney of Collins, Mississippi, as guardian ad litem of said minor defendants, who filed a demurrer to the petition which was sustained.

The appellants argue that the court erred in sustaining the demurrer, and contend that the estate devised to Mrs. King under Item III of the will is a fee simple defeasible, subject to being defeated, upon her remarriage, as to the lands remaining unsold at that time. (Item Iv of the Will). ■■ ■ The primary purpose in the construction of wills is to ascertain the intention and purpose of the testator. Yeates v. Box, 198 Miss. 602, 22 So. 2d 411; Lanham v. Howell, 210 Miss. 383, 49 So. 2d 701. We are of the opinion that it was clearly the intention of the testator to leave his widow a life estate so long as she remained unmarried. Pate, et al. v. Evans, et al., 97 So. 2d 737, and authorities cited therein. In this case the Court quoted with approval Page on Wills as follows:

"The final question concerns the effect of the quoted devise of land in the will. The decisions on this point are concisely analyzed and summarized on 3 Page on Wills (3rd ed. 1941), Sec. 1107, and 6 Ibid. Sec. 1107: 'The gift may not indicate by direct language the estate which testator wishes to give to A; but the gift may be to A until he marries, as long as A remains a widow or a widower as the case may be and the like. In a case of gifts of this sort, the courts have differed as to the inference which they will draw as to the estate of A. By what seems to be the weight of authority a gift to A until her marriage or during widowhood and the like gives a life estate to A'."

We are of the opinion that under the language of Item III, "but not to be disposed of during her life if she remains unmarried unless necessity should arise when in her judgment and discretion makes it necessary . . . ", gave the wife an additional power to sell the land if in her judgment and discretion it became necessary and to convey a fee simple title thereto. In the case of Warren v. Ingram, 96 Miss. 438, 51 So. 888, the Court held that where a testator had devised lands to his wife "to have and to hold during her life and to do with the same as in her judgment she may deem best", the devisee had power to convey the lands in fee simple.

Under the facts as stated in the petition, which the demurrer admits to be true, we are of the opinion that the court erred in sustaining the demurrer, and that the petitioners should have been granted the relief prayed for.

The attorney, guardian ad litem for the appellee, filed a motion for attorney's fees for services rendered in said cause. We are of the opinion that the motion should be and it is overruled.

It follows that the cause is reversed and remanded.

Reversed and remanded.

*Roberds,* P. J., and *Lee, Kyle* and *Gillespie,* JJ., concur.