LEE, Justice, for the Court:
Sidney L. Rosenbaum filed a petition in the Chancery Court of Lauderdale County to terminate a testamentary trust created by his parents, I. A. Rosenbaum, Sr. and Anne R. Rosenbaum. Sidney L. Rosenb-aum was beneficiary under the trust, the chancellor declined to terminate same, and Rosenbaum has appealed. We affirm.
On January 8, 1965, Anne R. Rosenbaum and I. A. Rosenbaum, Sr., husband and wife, executed identical wills wherein they devised to their children, I. A. Rosenbaum, Jr., Maud R. Fliegelman, and Sidney L. Rosenbaum, an undivided one-third (Vs) interest each in their respective estates. On June 14, 1965, Mr. and Mrs. Rosenbaum executed codicils to their said wills which provided that any share or parts of their estates which should go to their son, Sidney L. Rosenbaum, “shall not go to him in fee simple absolute but shall be put in trust for him as the ‘Sidney L. Rosenbaum Trust’.” They named I. A. Rosenbaum, Jr. trustee without bond and with complete and unlimited power and authority to administer the trust as he saw fit and in accordance with his own judgment and discretion. The codicils further provided that in the event I. A. Rosenbaum, Jr. was unable to serve for any reason, Maud R. Fliegelman should serve as trustee with the same power and authority.
I. A. Rosenbaum, Jr. served as trustee from 1967 until December 17, 1976, when his resignation as trustee was accepted by *224 the court. Maud R. Fliegelman was appointed substitute trustee and she served as such until May 18, 1978, when she petitioned the court to accept her resignation. She was temporarily retained as trustee until November 7, 1978 when the chancellor appointed Merchants and Farmers Bank, Meridian, Mississippi, as substitute trustee. Appellant had no objection to the resignation of Maud R. Fliegelman, but requested that the court terminate the trust and distribute the assets to him, or, in the alternative, appoint H. Stennis Little, Jr., Attorney, as successor trustee.
Appellant first contends that the trust was without any purpose, hence it must be dissolved and the assets distributed to Sidney L. Rosenbaum.
Appellant makes the argument that the wills and codicils provided no possible trust purpose, there is no existing instrument which could properly be incorporated in the will to supply purpose, and there are no facts which have any significance apart from their effect upon the distribution of the property devised. Further he contends that the trust does not set up a valid spendthrift trust and that it was the intention of the testator/testatrix that Sidney should have the property.
Deposit Guaranty National Bank v. First National Bank, 352 So.2d 1324 (Miss.1977), set forth the duty of the court in construing a trust provision:
“There are a number of cases setting out the duty of the courts in construing wills and trusts. The duty is the same whether by the lower court or this Court. The paramount and controlling consideration is to ascertain and give effect to the intention of the testator. In arriving at this intention, the Court is required to consider the entire instrument, sometimes said ‘from the four corners of the instrument.’ Where the instrument is susceptible of more than one construction, it is the duty of the Court to adopt that construction which is most consistent with the intention of the testator. The principal cases setting out this duty of the Court are: Seal v. Seal, 312 So.2d 19 (Miss.1975); In re Granberry’s Estate, 310 So.2d 708 (Miss.1975); Carlisle v. Estate of Carlisle, 252 So.2d 894 (Miss. 1971); King v. King, 234 Miss. 862, 108 So.2d 220 (1959); Kyle v. Wood, 227 Miss. 717, 86 So.2d 881 (1956); and Brumfield v. Englesing, 202 Miss. 62, 30 So.2d 514 (1947).” 352 So.2d at 1326-27.
The codicils in full read:
“CODICIL NO. 1
It is my desire and request that any share or part of my estate that shall, under this will, go to my son, Sidney L. Rosenbaum, shall not go to him in fee simple absolute, but shall be in trust for him as the ‘Sidney L. Rosenbaum Trust’.
I hereby name and appoint my son, I. A. Rosenbaum, Jr., as Trustee of said trust, without bond and with complete and unlimited power and authority to administer said trust as he sees fit and in accordance with his own judgment and discretion. Should my son, I. A. Rosenb-aum, Jr., predecease me or for any reason be unable or unwilling to serve, then I nominate and appoint my daughter, Maud R. Fliegelman, to serve as Trustee of said trust without bond and to have the same power, authority and discretion as are given to my son, I. A. Rosenbaum, Jr.
I declare this to be a Codicil of my Will, which bears the date of 8th day of January 1965. In all other respects I confirm my said Will. In witness whereof I have hereunto set my hand this 14th day of June, 1965.
/s/ I. A. ROSENBAUM. SR.
I. A. Rosenbaum, Sr.”
In the original will, the testator/testatrix provided that one-third (Vs) of their estate should go to each of their three (3) children. Five (5) months later, they amended their wills by codicil to provide that the one-third interest of Sidney L. Rosenbaum provided for in the original will should not go to him in fee simple, but that it should be put in trust for him as the “Sidney L. Rosenbaum Trust.” The fact that one (appellant) of *225 the three children was removed from the fee simple absolute vestiture of property indicates that the parents had complete confidence in the ability of two (2) of their children to look after and care for the property devised them, but that they thought the third, appellant, needed assistance and guidance, and that they desired a one-third of their estates to be used for his benefit. The fact that one child, I. A. Rosenbaum, Jr., was given complete and unlimited power and authority to administer the trust with a second child, Maud R. Fliegelman, having the same authority in the event the first was unable to serve, further reflects that the parents fully believed that those two children would properly administer the trust and would assure its use and benefit for their brother, the appellant.
We hold that the codicils established a valid trust in favor of appellant. In view of this decision, we will not be called upon to determine the significance of the language in the codicils which provided that any share or part of the estates under the will “shall not go to him (appellant) in fee simple absolute,” or what effect, if any, disclaimers to the one-third interest by the other two children would have on the said one-third interest, or who would be vested with that one-third interest.
Individuals have the right to dispose of their property and to make provisions concerning same, even though such disposition may not be satisfactory to their beneficiaries, or to persons excluded as beneficiaries. The courts have the duty to enforce the solemn provisions of wills and to uphold the intent of the testator/testatrix. Our decision on the first contention disposes of the case, and it is not necessary for us to determine whether or not probate of the wills and codicils eleven (11) years ago is res judicata of the present question.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.