# Strickland *et al. v.* Delta Inv. Co.

(Division B.  Nov. 13, 1931.)

[137 So. 734.  No. 29618.]

Boothe & Pepper and Ruff, Johnson & White, all of Lexington, for appellants.

Barbour & Henry, and J. G. Holmes, all of Yazoo City, Butler & Snow, and W. H. Cox, all of Jackson, and Sennett Conner, of Seminary, for appellee.

Argued orally by **A. M. Pepper**, and **H. H. Johnson**, for appellants.

**Anderson, J.**, delivered the opinion of the court.

The appellee, the Delta Investment Company, administrator of the estate of Mrs. Sarah A. Edwards, deceased, filed a petition in the matter of the administration which was pending in the chancery court of Holmes county, to have the will of R. M. Edwards, the late husband of said Mrs. Sarah A. Edwards, construed; all persons in interest having been made parties to the petition. The trial resulted in a decree construing the will, from which appellants prosecute this appeal.

The language in question, which the court was called on to construe, is as follows: "The remainder of the estate to be divided between my brother for his daughter,

Annie Mary Edwards, and Mrs. Pearly Strickland and her heirs.''

R. M. Edwards was a man of very little education, as the spelling in his will indicates. His will in full is in this language including the spelling:

''I, R. M. Edwards, beaing of sound and disposing mind make publish and declair this my last will and testament makeing the following disposition of my propperty to-wit:—Item 1. I direct that all my just jest depts bea paid Item 2st. I will to my wife Sarah Anne Edwards all of my estate real and perceual Know it is understood that they is One Thousen & Seventy Eight acres of Bealon deeded to myself & W. J. Edwards. He owes me Four Thousen Dollars on his half know if I dye first I don't want him to pay eny more on his half of the Place I give him whatever that amount is All the live stock and Empliments of every & Discripso Is mind except one horce name Noble then at my wifes deth I want the remairend of the Estate to bea devided betwene my Brother for his dorter Annie Mary Edwards & Mrs. Pearlley Stricklen and her airs & my sister Sarah White to To Have Two Hundred Dollars & Joe Edwards children to have Fifty Dollars & Larrow Plarce children to have Fifty Dollars to Devide betwene them Know I own 94¾ acres of land on the West end of Bealn That is my own land I also own 2½ acres of land. It has a gin plant & two Cabins & Melas Mill all of this proptiy is mine. Also I al so own a store house & lot in Lot 1 in Block 2 with Artishen Well on it I also own my house & Lot where I live I also (own) a ensurance policy made to my wife S. A. Edwards I am writeing this will my self These Two Lots here in Thornton I want my wife to have as hir own propity & what ever dispecial she makes of them at hir deth shal bea legal if she does not make any dispecial of them at hir deth then for them to go in my estate.

''I R. M. Edwars here a Point R. R. Tucker Executor of this my last Will and Testament & Ask that he bea

not required to make eny report to any court or to give any bond as such Executor Executed This the 14th day of May, 1918, at Thornton, Miss. (Signed) R. M. Edwards. The folering is the Witness to the A Bove Will. M. L. Pollard. A. W. Gary, K. C. Thomson.''

Both R. M. Edwards and his wife died without children or descendants of children; their heirs, therefore, being collateral kin. Mrs. Edwards died intestate. It will be observed that the will was made on the 14th day of May, 1918. Annie Mary Edwards was a niece of the testator, while Mrs. Pearly Strickland was a niece of his wife. At the time of the making of the will, Mrs. Pearly Strickland had four children; and, at the time of her death, which occurred on the 16th of October, 1918, all of them were still living. Her death occurred before the death of R. M. Edwards, the testator. Mrs. Sarah A. Edwards, the wife, died in November, 1928; soon thereafter appellee was appointed administrator of her estate.

The estate of R. M. Edwards consisted of land and personal property. The chancellor held that, under that clause of the will in question, Mrs. Pearly Strickland would have taken one-half of the remainder of the estate of the testator in fee at the death of the latter if she had survived him. But, having died before the testator, the bequest and devise lapsed and became a part of the life estate of his wife, and, on the death of the latter, descended to her heirs, under the law of descent and distribution.

To repeat, the question is: What did the testator mean by this language in the will: ''The remainder of the estate to be divided between my brother, for his daughter, Annie Mary Edwards, and Mrs. Pearly Strickland and her heirs?'' Was it a bequest and devise of one-half of the remainder of his estate to Mrs. Strickland in fee, or to her and her four children, share and share alike, in fee? Appellants, the children of Mrs. Strickland, contend that the latter is the correct construction of the will,

and that therefore, on the death of the testator, they (there being four of them) each took a one-fifth undivided interest in one-half of the remainder of the testator's estate, their mother's one-fifth undivided interest having lapsed and gone back to the estate because of the fact that she died before the testator. The court recited in its decree that the terms of the will were plain and unambiguous and that the language "her heirs," used in the will, were used in their common-law significance.

Having that view, the chancellor ruled out parol evidence offered by the appellants for the purpose of showing that the intention of the testator in using the words "and her heirs" was to bequeath and devise an estate in fee to the children of Mrs. Strickland. We have reached a contrary conclusion, upon the following considerations: If the terms of a will are plain and unambiguous, taking the whole instrument into consideration, the court will give them their legal significance; but if, on an examination of the entire will, the testator's meaning is doubtful, the facts and circumstances surrounding the testator at the time of making the will, and his relation to the parties in interest, will be looked to, to determine whether the terms in question were used in their legal sense; and extrinsic evidence is admissible to clear up the ambiguity, including such evidence of the fact that the will was written by the testator himself, and that he was ignorant and inexperienced in such matters. In determining whether or not certain words are used in their technical sense, the court should consider whether the drawer of the will was or was not familiar with the technical meaning of the words or terms used. It is a matter of common knowledge that the terms "heir" and "children" in a popular sense have the same significance, often being used interchangeably. Where a consideration of the whole will renders it uncertain as to whether the testator intended to use the term "heirs" as meaning

782

children extrinsic evidence is admissible for the purpose of clearing up the ambiguity. Byrd v. Henderson, 139 Miss. 140, 104 So. 100; 28 R. C. L., page 224, sec. 185; 40 Cyc. 1399. In construing a will, the court is not bound to shut its eyes to the state of facts and circumstances under which the instrument was made. On the contrary, investigation of such facts and circumstances often materially aids in elucidating the scheme which the testator had in mind. To this end it is obviously essential that the court, in construing a will, should be placed as fully as possible in the situation of the testator whose language is to be interpreted.

Another principle of construction is that the use of different words in a will applying to the same subject-matter indicates that the testator had in view different results. Williams v. Fundingsland, 74 Colo. 315, 221 Pac. 1084, 63 A. L. R. 77.

Now, applying these principles to the will here involved: It will be noted that the testator provides that his niece, Annie Mary Edwards, should have one-half of the remainder of his estate, and made no reference to her heirs; while he provides that his wife's niece, Mrs. Strickland, and her heirs, should have the other half, to be divided between them. At the time of the making of the will, his niece, Annie Mary Edwards, was single and without children, while, as stated, Mrs. Strickland had four children. If the testator intended to use the words "her heirs" as words of inheritance, and not as words of purchase, we see no reason why he did not use the same terms in reference to the estate to be taken by his niece, Annie Mary Edwards. And, furthermore, the word "divided" cannot be left out of view. The will provides that the share of Mrs. Strickland is to be divided between her and her heirs.

Under section 2112 of the Code of 1930, words of inheritance in a conveyance or devise of land are not necessary. A conveyance or devise of land without words of

inheritance vests a fee-simple title. To illustrate: A conveyance or devise of land by·A. to B. and the heirs of B, vests in B a fee-simple title; and also a conveyance or devise of land by A to B without the use of the words "and his heirs" vests fee-simple title in B.

We are of opinion that the clause of· the will here in question is uncertain and ambiguous in meaning, because of the use of the word "divided" in connection with the words "and her heirs," after the name of Mrs. Strickland, and the failure to use the words "and her heirs" after the name. of Annie Mary Edwards, and that this ambiguity is not cleared up by a consideration of the whole will, and that the court was therefore in error in excluding any pertinent evidence offered by appellants as to facts and circumstances surrounding the testator at the time of the making of the will, including his relationship to the parties in interest.

Reversed and remanded.