PATTERSON, Justice:
This is an appeal by Steven Earl Car-lisle, minor, from an adverse judgment of the Chancery Court of Warren County wherein the chancellor construed the word “home” in the holographic will of Addie W. Carlisle to connotate a house and two acres of contiguous land.
The testatrix and her husband formerly lived in Sharkey County on a tract of land owned by the husband. In 1952 the couple, who had no children, moved to Warren County to reside in the family home of Mrs. Carlisle’s deceased father, who in 1932 had partitioned the home and 58.4 acres to Addie.
Addie lived in the family home with her sister Alice Carlisle while Earl, her husband, was constructing another house upon the 58.4-acre tract. In 1954 Earl and Addie moved into their new home leaving Alice residing in the old family home.
Earl died in 1957 and Addie thereafter executed a holographic will as follows:
“Feb. 1958
Earl’s Request. At my death place on Steele’s Bayou go to Alice Carlisle’s children. *895 His possessions at his home go to Steven Earl Carlisle also one half the value of the home. Addie W. Carlisle.
To whomsoever looks after me I want them fully paid
I also leave my sister Alice a home for as long as she lives.
After all debts are paid what is left to go to Alice Carlisle’s children.
Addie W. Carlisle.”
In 1962 Alice also left the old family home, having built a new house on lands which were partitioned to her by her father in 1932. Alice continued to reside upon this tract until her death in 1970. She was survived by her five children, Evelyn Grier, Mildred Edwards, W. C. Car-lisle, Malcolm Carlisle and John C. Carlisle. Appellant, Steven Earl Carlisle, is the son of John C. Carlisle, grandson of Alice, and great nephew of testatrix Addie Carlisle.
Addie spent her latter years upon her property and continued to live in the home built by her late husband. The record indicates that she was extremely active and enjoyed the full use of this property by walking over it, planting gardens and picking berries thereon.
Following her death in 1968 her will was admitted to probate in the Chancery Court of Warren County. Appellant/devisee, Steven Earl Carlisle, filed a petition in the chancery court for construction of the will, contending that the testatrix intended that he should receive one-half the value of the entire 58.4-acre tract upon which the house is situated. Appellees contend that the testatrix intended only to bequeath one-half the value of the house and curtilage.
At the first trial the lower court held that the first paragraph of the holographic will was not the will of the testatrix and dismissed the petition. This Court reversed in Carlisle v. Estate of Carlisle, 233 So.2d 803 (Miss.1970), and remanded the case for the lower court to construe that part of the will devising Steven Earl Car-lisle “also one-half the value of the home.”
The lower court on remand held that the testatrix did not intend the word “home” to be construed as meaning one-half the value of the entire 58.4-acre estate and that the word “home” included only the house, outbuildings, and a curtilage of two acres.
Feeling aggrieved, complainant appeals and assigns as error the action of the chancery court in limiting the devise to only one-half of the value of two acres of land upon which the house is situated rather than finding the appellant to be entitled to one-half of the value of the entire 58.4 acres of land, including the dwelling.
It is well established that when the language of a will is clear, no extrinsic evidence is admitted to show testator’s intent. Where the language of a will is ambiguous or uncertain, however, extrinsic evidence may be considered to determine the intention of the testator. The admissibility of extrinsic evidence was discussed by this Court in Strickland v. Delta Investment Company, 163 Miss. 772, 774, 137 So. 734, 736 (1931):
* * * If the terms of a will are plain and unambiguous, taking the whole instrument into consideration, the court will give them their legal significance; but if, on an examination of the entire will, the testator’s meaning is doubtful, the facts and circumstances surrounding the testator at the time of making the will, and his relation to the parties in interest, will be looked to, to determine whether the terms in question were used in their legal sense; and extrinsic evidence is admissible to clear up the ambiguity, including such evidence of the fact that the will was written by the testator himself, and that he was ignorant and inexperienced in such matters.
In the case at bar the phrase “also one-half the value of the home” causes a patent ambiguity. It has been *896 held that the word “home” has a much broader meaning than the word “house” and actually includes the entire residence estate. Chase Nat’l Bank v. Deichmiller, 107 N.J.Eq. 379, 152 A. 697 (1930); Thompson on Wills, § 249, p. 392 (3d Ed. 1947). The devise of a “home” may include any appurtenances which contribute to the enjoyment and convenience of the estate as an abode. Jones v. Holloway, 183 Md. 40, 36 A.2d 551, (1944).
Jurisprudence discloses that courts have generally held the term “home” has a much broader meaning than “house.” In Jones, supra, the Court stated:
* * * Ordinarily, the devise of a home includes not only the dwelling house, but the entire residence estate. * * * In determining whether certain appurtenances pass with a home under a devise, the use to which they were put in the testator’s lifetime are considered important circumstances. Usually the person to whom a home is devised can claim all appurtenances which were customarily enjoyed by the occupant and which tend to make it a convenient and agreeable place of abode or business. * * * (183 Md. at 43-44, 36 A.2d at 553.)
The record indicates that the testatrix made full use of the entire 58.4 acres of her property. It was surrounded by a perimeter fence and divided by a cross fence. Addie’s use and enjoyment of the land was not restricted and there was no fence to define a “yard” in which the dwelling house and outbuildings were located. Addie planted gardens at several locations on the property in her latter years, picked berries whenever and where-ever found upon the premises and walked the pastures at length for her own pleasure. There can be no doubt that the entire tract of land and not simply her house contributed to the enjoyment of the testatrix’s home as an abode. The evidence clearly reflects that she referred to the entire place by the term “home.” This evidence and the general knowledge that rural landowners constantly refer to their entire acreage as home compels us to apply a construction to the word “home” as denoting the entire residence estate.
We are of the opinion therefore that the lower court erred in construing the devise to Steven Earl Carlisle to one-half of the value of the house and two acres of land since its proper construction should have been one-half of the value of the entire tract of land and the buildings thereon.
The cause is reversed and remanded to the Chancery Court of Warren County for appropriate proceedings.
Reversed and remanded.
GILLESPIE, C. J., and JONES, IN-ZER and ROBERTSON, JJ., concur.