396 So.2d 613 (1981)
E. Rigby MAUPIN, Martha Ellen Maupin & Susan Maupin
v.
ESTATE OF J. Rigby PERRY, Deceased, Shouphie Habeeb, Executor and Robert J. Perry, Nephew.
No. 52571.
Supreme Court of Mississippi.
June 3, 1981.
Rehearing Denied July 8, 1981.
Landman Teller, Jr., Teller & Teller, David M. Sessums, Varner & Parker, Vicksburg, for appellant.
William M. Bost, Jr., Buddy Dees, Ellis, Braddock & Bost, Vicksburg, for appellee.
Before PATTERSON, C.J., and LEE and HAWKINS, JJ.
PATTERSON, Chief Justice, for the Court:
This appeal is from the Chancery Court of Warren County wherein Shouphie Habeeb, in his capacity as executor, sought construction of the residuary clause in the will of J. Rigby Perry. Mr. Perry died testate on May 28, 1979, at the age of 103. He had never married and had no children. At the time of the execution of his will, August 31, 1978, Perry had only one living nephew, Robert Perry. It had been eighteen years prior to the will execution that he had a living niece, a fact which the testator was fully aware. The clause of which construction was sought, clause six, *614 disposed of the residue through the following words:
All the rest and residue of my property, real, personal or mixed, wheresoever situated, I hereby devise and bequeath to my nieces and nephews who survive me, in equal shares.
Shouphie Habeeb, the executor, sought construction of the term "nieces and nephews" as it had application to the existing facts at the time the will was made. At trial, a genealogical chart was introduced into evidence[1] which establishes without contradiction the heirs-at-law of the testator. See Appendix.
The actual exhibit was not received by this Court; therefore, the chart is taken from a copy attached to one of the parties' brief.
The Appellants, as shown on the genealogical chart, include the survivors of the Maupin and Farnsworth branches, except for the children of E. Rigby and Susan Maupin. Specifically, the Appellants and their relationships to the testator are as follows:
(1) E. Rigby Maupin, great-nephew;
(2) Susan Maupin (now Tarrance), great-niece;
(3) Martha Maupin, great-niece;
(4) Leone Farnsworth (now Dingman), great-niece;
(5) Bruce Farnsworth, great-great nephew;
(6) Perry Farnsworth, great-great nephew;
(7) Blake Farnsworth, great-great nephew; and
(8) Jim March, great-nephew, who survived Mr. Perry and then died.
The Appellants contend that great and great-great nieces and nephews are included and should take under the term "nieces and nephews" in the residuary clause. At trial, numerous witnesses, interested and disinterested, gave testimony which evidenced that Perry, the testator, referred to the Appellants as niece or nephew rather than great or great-great niece or nephew. The trial court construed the term "nieces and nephews" to mean only the children of the brothers and sisters of the testator, to-wit: Robert J. Perry, the sole surviving nephew. The Court stated:
[T]he court is of the opinion that the Testator considered the class composed in the residuary devise to have more than one member, probably several members, but the proof does not satisfy as to who the Testator intended to compose the class. The Executor, a longtime trusted friend of Testator, testified to the same dilemma.
In the absence of satisfactory proof of the intention of the Testator, the Court must reluctantly resort to the rule of construction that, even if it appear some other meaning was intended, where that other meaning is not reasonably clear, the word will be construed according to its ordinary established meaning.
It is therefor [sic] the opinion of this Court that "nieces and nephews" must be construed to be the children of the brothers and sisters of the Testator.
We are of the opinion the court did not err in holding the residuary clause ambiguous. We so decide for three reasons. First, the testator used the plural term "nieces and nephews" at a time when he was aware that he had not had a niece for some eighteen years and that he only had one living nephew. Second, it is apparent the testator intended to include more than one person in the residuary clause when a later clause of the will states:
Should any taker under this Will or anyone receiving an interest in property includable in my gross taxable estate but not passing under this Will, become an adverse party in a proceeding for the probate of this Will or become an adverse party in any other action the result of which would be to void or to avoid any provision of this Will, then such taker shall forfeit his or her entire interest hereunder and such interest shall pass as a part of the residue of my estate; provided, *615 however, that if such taker is one of the takers of the residue, that taker's interest shall be divided proportionately among the other takers of the residue. This paragraph shall not be construed to limit the appearance by anyone as a witness in any proceeding for the probate of this Will, nor to limit the appearnce [sic] of anyone in any capacity in a proceeding for its construction. (emphasis added).
The third reason we think the clause is confusing is that the proof shows that Perry referred to various great and great-great nieces and nephews simply as his niece or nephew.
When an ambiguity exists in the language of a will, parol evidence is admissible for the purpose of determining the intent of the testator. E.g., Strickland v. Delta Inv. Co., 163 Miss. 772, 137 So. 734 (1931). The first and most important rule in the construction of wills is that the intention of the testator should prevail. E.g., Rosenbaum v. Fliegelman, 375 So.2d 223 (Miss. 1979); Nobles v. Sanders, 370 So.2d 703 (Miss. 1979).
However, we are unable, as the trial court was, to ascertain from the questioned clause and the evidence the intent of the testator. We do think he meant to leave the residue to more than one person for the reasons mentioned earlier. The evidence does not enable us to determine with reasonable certainty just which of the great and great-great nieces or nephews were intended to be included in the class in the residuary clause. To illustrate, the testimony does not show that the testator referred to the children of E. Rigby Maupin or Susan Maupin Tarrance, who were great-great nieces and nephews, as simply niece or nephew. These four children are in equal blood relationship to the testator as Bruce, Perry, and Blake Farnsworth, who as Appellants claim a share of the residue. We are of the opinion this Court should not speculate which of the "nieces and nephews" were to be included in and take under the questioned clause.
The trial court, in our opinion, properly concluded the clause as used was ambiguous, but we think it erred in its resolution by giving literal construction to the word "nephew" thereby limiting the devise to that person. The ambiguity arises from the uncertainty of designating the intended recipients. Perhaps the situation can be better expressed by stating the testator's obvious intent was to benefit more than one nephew, but we are unable to designate which of the nieces and nephews were intended to be included in the class. From this inability of determination, we opine that we should indulge a rule of construction more likely to assure a just, natural and reasonable disposition of the residuary estate. To this end we think the residuary estate should descend under the laws of descent and distribution as this would more nearly accomplish the testator's intention of leaving the residue to more than one person, as well as being in accord with the general law.
In Patterson v. Patterson, 150 Miss. 179, 191, 116 So. 734, 735 (1928) we stated:
It is a cardinal rule of construction that a will should be so construed, if possible, as to effectuate the purpose of the testator, and in order to ascertain the purpose and intent of its maker, the whole text of the will must be taken into consideration; and where the language of the will is ambiguous and the intent of the maker obscure, a construction which will effect a just, natural, and reasonable disposition in accordance with the laws of descent and distribution is favored, unless there is a manifest intention to the contrary... .
See also Mississippi School for the Blind v. Armstrong, 216 Miss. 348, 62 So.2d 369 (1953); In re Raworth's Estate, 211 Miss. 780, 52 So.2d 661 (1951); Cross v. O'Cavanagh, 198 Miss. 137, 21 So.2d 437 (1945).
This parallels the general rule elsewhere. In 4 Bowe-Parker, Page on Wills § 32.14, at 289 (1961) it is stated:
Until evidence of the surrounding circumstances is heard, it cannot be determined *616 whether or not a will is sufficiently definite. If, after the admission of all evidence which the law allows to be admitted, the court is unable from face of the will and from the consideration of such evidence, to determine testator's intention, the court will be compelled to declare the will, either in whole or in part, as void and unenforceable for uncertainty.
Also, 80 Am.Jur. Wills § 1139, at 250 (1975) states:
[T]he law favors that construction of a will which conforms most nearly to the general law of inheritance; and where the meaning of a will is ambiguous, a construction will be favored that will dispose of the property of the testator in the manner in which the law would have disposed of it had he died intestate.
In sum, we are of the opinion the residuary clause is void because of its uncertainty and ambiguity and that the residuary estate mentioned in clause six of the will should descend under the laws in this state governing intestate property.
The Appellee raises other issues not addressed in this opinion; however, we do not address these issues because they were not raised on direct appeal and the Appellee has filed no cross-appeal. Ricketts v. Ricketts, 152 Miss. 792, 119 So. 194 (1928).
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.