# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-00384-COA

**LAUREL SCHOOL DISTRICT**                                          **APPELLANT**

**v.**

**TITO LANIER**                                                         **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/12/2021 |
| TRIAL JUDGE: | HON. BILLIE J. GRAHAM |
| COURT FROM WHICH APPEALED: | JONES COUNTY CHANCERY COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | JOHN SIMEON HOOKS LINDSEY OSWALT WATSON |
| ATTORNEY FOR APPELLEE: | JASON EDWARD OWENS |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 09/06/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**EMFINGER, J., FOR THE COURT:**

¶1.     Tito Lanier, a "licensed employee" of the Laurel School District (School District) for the 2019-2020 school year, filed a verified complaint in the Chancery Court of the Second Judicial District of Jones County, Mississippi, naming the School District as the Defendant. The complaint sought relief from the School District's decision not to renew Lanier's contract for the 2020-2021 school year and the School District's failure to conduct a nonrenewal hearing Lanier requested pursuant to the Education Employment Procedures Law of 2001 (EEPL).[1] The School District filed a motion to dismiss, or in the alternative, for

---

[1] Miss. Code Ann. §§ 37-9-101 to -113 (Rev. 2019).

summary judgment. After hearing the parties' arguments in support of and in opposition to the motion, the chancellor dismissed the complaint for Lanier to "pursue his administrative hearing before the School District" but did so for reasons different than those raised by the School District in its motion. It is from this order that the School District appeals.

## FACTS AND PROCEDURAL HISTORY

¶2.     Lanier contends that he was an employee of the School District from 2009 until 2020. On March 29, 2019, Lanier and the School District entered into a contract in which Lanier was designated as a "licensed employee" for the school year beginning July 1, 2019, and ending on June 30, 2020. According to Lanier, he began the 2019-2020 school year as the principal of Laurel Middle School. In October 2019, he was reassigned to the position of student support coordinator.

¶3.     On May 1, 2020, Lanier received written notice that he would not be offered a contract for the 2020-2021 school year. Although he did not sign the notice of nonrenewal acknowledging receipt of the letter on May 1, 2020, Lanier did, on that date, write on the letter that he did not agree with the nonrenewal and requested a hearing on the issue. On May 5, 2020, Lanier's attorney faxed a letter to Dr. Toy L. Watts, the superintendent of the Laurel School District, again requesting a hearing regarding the nonrenewal of his contract. In this letter, Lanier's attorney requested certain other information in preparation for the hearing.

¶4.     On June 2, 2020, Lanier's attorney was advised that the requested hearing had been set for June 26, 2020. Because the date of the scheduled hearing was not within thirty days of Lanier's request, as required by statute, Lanier filed a "Motion to Dismiss" with the

2

School District requesting that he be given a contract for the 2020-2021 school year and that the recommendation for nonrenewal be removed from his personnel file.

¶5. In an attempt to cure its failure to schedule the requested hearing within the required thirty-day period, the School District issued a second nonrenewal letter dated June 23, 2020. In this letter, the School District stated that the nonrenewal letter dated May 1, 2020, was withdrawn and that the hearing, which had been scheduled for June 26, 2020, was cancelled. The letter again advised Lanier of the reasons for the nonrenewal of his contract and, again, advised him of certain rights pursuant to the EEPL.

¶6. On July 3, 2020, Lanier's attorney emailed a "Special Appearance and Motion of Tito Lanier to Dismiss"[2] to counsel for the School District. In this document, Lanier reiterated his contention that because the School District had not given him the hearing within thirty days of his request, his due process rights had been violated. As a result, he again moved that he be given a contract for the 2020-2021 school year and that the recommendation of nonrenewal be removed from his personnel file. This motion concluded by stating:

> Mr. Lanier expressly reserves all rights and appeals granted to him by Section 37-9-101 through 37-9-113 of the Mississippi Code. Further, Mr. Lanier requests a hearing on his objection to the Superintendent's second nonrenewal recommendation.

¶7. In a letter to Lanier's counsel dated July 8, 2020, the School District took the position that the issue of whether Lanier was entitled to a contract for the 2020-2021 school year was moot because Lanier had signed a contract with the Forrest County School District for the 2020-2021 school year. Accordingly, the letter maintained Lanier had abandoned any claim

---

[2] A copy of this document was attached to Lanier's verified complaint.

that he was entitled to a contract with the School District. Further, the letter indicated that because Lanier did not request a hearing within ten days of the June 23, 2020 nonrenewal letter, the School District's nonrenewal decision had become final after July 3, 2020.

¶8. In response, Lanier filed the verified complaint. In his complaint, Lanier swore that he had twice requested, in writing, the hearing required by Mississippi Code Annotated section 37-9-111 and that the School District had failed to afford him such a hearing. Lanier complained that the School District's failure to afford him his due process rights to a hearing to "clear his name and protect his professional reputation . . ." tarnishes and clouds his personnel file. He sought relief in the form of a declaratory judgment that he had a right to a hearing under the EEPL and that the School District's failure to grant him a hearing entitled him to a contract of employment for the 2020-2021 school year. He further sought a temporary preliminary and permanent injunction because there was a substantial threat that he would suffer "[i]mmediate and irreparable, loss and damage" before the matter could be finally heard.

¶9. The School District filed a motion to dismiss the verified complaint for Lanier's failure to state a claim upon which relief could be granted. In its memorandum in support of its motion, the School District agreed that it had failed to give Lanier his hearing within thirty days of his request. The School District first argued that this failure did not require the automatic renewal of Lanier's contract. Instead, the School District stated that "[i]f such an irregularity exists, the appropriate remedy is sending the case back to the Board for a rehearing." Second, the School District argued that it had corrected the problem by

4

withdrawing the first nonrenewal letter and issuing a second notice on June 23, 2020, and that Lanier had not requested a hearing after the second notice.

¶10. On February 3, 2021, the chancellor heard brief arguments in support of and in opposition to the motion to dismiss. The School District again argued that Lanier was not entitled to an "automatic contract" because the School District did not set his hearing within thirty days of his request. The School District repeated its contention that the remedy for such a "procedural irregularity" is to "send it back to the board and get a hearing." The School District further argued that the complaint should be dismissed because Lanier was under contract with the Forrest County School District.

¶11. In his written response to the motion to dismiss filed on January 13, 2021, and during the hearing, Lanier argued that he had timely requested a hearing in response to both nonrenewal letters. During the hearing, counsel argued that Lanier wanted his "due process" hearing "to protect his professional reputation, to defend against the allegations in the nonrenewal, and to clear his name."

¶12. In its "Order of Dismissal and Order Denying Motion for Summary Judgment," the chancellor made a factual finding that Lanier, in his "Special Appearance and Motion of Tito Lanier to Dismiss," had made a timely request for a hearing in response to the June 23, 2020, second nonrenewal letter. The chancellor further found that the requested hearing was never scheduled by the School District. The chancellor found that the issues presented by the complaint were "not ripe for the Court to make any determination." The order stated that the complaint was not being dismissed because of arguments advanced by the School District;

5

instead, the court stated:

> It is being dismissed because the alleged wrongful termination of the Plaintiff has not and cannot be appealed from the School District to this Court as no final decision has been made and entered by the Defendant. Simply stated, administrative remedies have not been exhausted, even though it appears to the Court that a hearing was properly requested.

The chancellor found that the claim regarding an employment contract could not be fully pursued until after the hearing on Lanier's objection to the nonrenewal by the School District. As to the second claim in the complaint, the chancellor found that the request for a temporary injunction had not been timely pursued and should be dismissed. The issue of a permanent injunction was found to be not ready for consideration because the necessary hearing had not been completed.

## STANDARD OF REVIEW

¶13.  In *Deans v. McColumn*, 184 So. 3d 972, 975 (¶13) (Miss. Ct. App. 2015), this Court stated:

> This Court employs a limited standard of review in appeals from chancery court. "We will not disturb a chancellor's factual findings when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, clearly erroneous[,] or applied an erroneous legal standard." *Venture Sales LLC v. Perkins*, 86 So. 3d 910, 913 (¶11) (Miss. 2012). When considering a motion to dismiss, this Court applies a de novo standard of review. *Storey v. Williamson*, 101 So. 3d 662, 665 (¶10) (Miss. Ct. App. 2012).

## ANALYSIS

¶14.  The School District raises three issues for this Court to consider on appeal which we combine for the purpose of our analysis below.

    **I.**    **Did the chancery court have jurisdiction to decide Lanier's claims, and did Lanier timely request a hearing on his second nonrenewal**

6

**letter?**

¶15.    On appeal, for the first time, the School District argues that the chancery court lacked subject matter jurisdiction to hear Lanier's complaint. The School District contends that Lanier's failure to challenge the School District's decision not to renew his employment contract by filing and perfecting an appeal pursuant to Mississippi Code Annotated section 37-9-113(2) within twenty days of the School District's decision becoming final deprived the chancery court of jurisdiction in this matter. As noted above, the School District's argument is based upon its contention that Lanier did not request a hearing within ten days after the June 23, 2020, second nonrenewal letter. Therefore, its decision became final after July 3, 2020.

¶16.    The School District argues on appeal, as it did before the chancellor, that the language in the "Special Appearance and Motion of Tito Lanier to Dismiss" was not sufficient for the School District to schedule a hearing on the reasons for the nonrenewal of Lanier's contract. Lanier points out that there is no statutorily required form for such a request and that his pleading before the School District, which contained the following language, was sufficient:

> Mr. Lanier expressly reserves all rights and appeals granted to him by Section 37-9-101 through 37-9-113 of the Mississippi Code. **Further, Mr. Lanier requests a hearing on his objection to the Superintendent's second nonrenewal recommendation.**

(Emphasis added). The chancellor made a factual finding that this language was sufficient to require the School District to conduct a hearing in compliance with the EEPL. *See* Miss. Code Ann. §§ 37-9-109 & -111. Based upon its finding that Lanier had made a timely request for a hearing in response to the second nonrenewal letter, the chancery court also found that

7

Lanier had not been given the statutorily required hearing.

¶17.    In *Leland School District v. Brown*, 342 So. 3d 508, 514 (¶15) (Miss. Ct. App. 2022), this Court stated:

> However, in *Noxubee County School Board v. Cannon*, 485 So. 2d 302 (Miss. 1986), the Supreme Court held that **a chancery court does have "original jurisdiction" to hear a complaint** filed by a licensed school employee if the school district **failed to comply with the notice and hearing requirements** of the School Employment Procedures Law, now known as the Education Employment Procedures Law of 2001, Miss. Code Ann. §§ 37-9-101 to -113 (Rev. 2019). *Cannon*, 485 So. 2d at 305. . . . The Supreme Court held that because the school board failed to provide statutory notice, the teacher "**properly invoked the original jurisdiction of the chancery court**." *Id.*

(Emphasis added). Based upon the chancellor's factual findings that a hearing had been requested, but not given, we find that Lanier's complaint was properly before the chancery court. The chancellor's factual findings are supported by the evidence and are not manifestly wrong or clearly erroneous. *Deans*, 184 So. 3d at 975 (¶13). Accordingly, we find no error in the dismissal of the verified complaint so that Lanier's due process right to a hearing may be honored.[3]

¶18.    The dissent argues that the chancellor erred by dismissing Lanier's complaint for his failure to exhaust his administrative remedies. Instead, the dissent contends, after finding that Lanier had been denied his due process hearing, the chancellor should have considered Lanier's request for damages. The dissent goes further to suggest that this Court should undertake an assessment of Lanier's due process claims on appeal.

---

[3] The School District argued before the chancery court that if the School District erred by not setting a second hearing date, the remedy would be for the court to remand this case for a hearing. That is exactly what the court did.

¶19. Whether the chancellor's finding that Lanier's claims were not "ripe" for determination was right or wrong, Lanier did not appeal, or cross-appeal, the chancery court's decision in this regard. In *Jones v. Phillips*, 263 So. 2d 759, 763 (Miss. 1972), the court stated:

> There is one stern reality which this Court must face, namely: The appellee Eliam Carter did not appeal and therefore any errors insofar as the judgment against him is concerned are not before this Court for determination.

In *Watkins Development LLC v. Hosemann*, 214 So. 3d 1050, 1053 (¶¶11-14) (Miss. 2017), the Supreme Court found that this Court had erred by addressing "the portion of the chancellor's ruling that was not appealed." In *Delta Chemical and Petroleum Inc. v. Citizens Bank of Byhalia*, 790 So. 2d 862, 878 (¶52) (Miss. Ct. App. 2001), this Court stated:

> Citizens Bank of Byhalia, William Dawson, and Joyce Dawson argue that this court ignored or completely overlooked the statute of limitations bar in the instant case. However, **we did not address this issue because the issue was not raised on direct appeal, and the appellees failed to file a cross-appeal**. *Maupin v. Estate of Perry*, 396 So. 2d 613, 616 (Miss.1981). In order for the appellee to gain reversal of any part of the decision of a trial court about which the appellant brings no complaint, the appellee is required to file a cross-appeal. *Brock v. Hankins Lumber Company*, [786 So. 2d 1064] (Miss. [Ct.] App. [(2001)]). Because the statute of limitations issue was never raised, it is not properly before this Court. *See, e.g.*, *Board of Trustees v. Knox*, 688 So. 2d 778, 782 n.1 (Miss. 1997) (declining to consider "points of error" raised by appellee who did not file cross-appeal); *Reynolds v. State*, 585 So. 2d 753 (Miss. 1991) (refusing to address an allegation of error raised by the State regarding the appellant's sentence when no cross-appeal had been filed); *Beck Enterprises Inc. v. Hester*, 512 So. 2d 672, 678-79 (Miss. 1987) (Court will not consider issues not raised on direct appeal or on cross-appeal).

(Emphasis added).

¶20. The School District brought this appeal. Not only did Lanier not appeal or cross-appeal the chancellor's decision, but he argues on appeal that the chancellor's decision

9

should be affirmed. We agree with Lanier.

**II.    Is Lanier's request for a hearing on his nonrenewal moot?**

¶21.    The School District maintains that the only remedy available to Lanier, should this matter go before the Board of Trustees for a hearing and the Board finds in his favor, is reinstatement. The School District contends that this remedy is not possible because Lanier is already under contract with another school district for the 2020-2021 school year. The School District argues that Lanier cannot perform under two separate employment contracts. Citing *Barrett v. City of Gulfport*, 196 So. 3d 905, 911 (¶17) (Miss. 2016), the School District contends that Lanier would receive no practical benefit from a ruling in his favor before the Board; therefore, this Court should reverse the chancellor's order requiring a hearing. Lanier counters that pursuant to the EEPL, he is entitled to an opportunity "to clear his name of an adverse employment action that tarnishes his reputation and future and present employment opportunities." While we also recognize that at this point, the 2020-2021 school year is over, we find that pursuant to the EEPL, Lanier still has a due process right to challenge the adverse finding that may impact his future employment opportunities. Accordingly, the matter is not moot, and this assignment of error is without merit.

**CONCLUSION**

¶22.    The chancery court had jurisdiction to consider Lanier's verified complaint for declaratory and injunctive relief for the violation of his due process right to a hearing pursuant to the EEPL under the facts of this case. The chancellor, having found that Lanier twice requested the statutorily required hearing, properly dismissed the verified complaint

10

so that Lanier could obtain the hearing that he had been denied.

¶23. **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., GREENLEE, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR. McDONALD, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. WESTBROOKS, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY BARNES, C.J., AND McDONALD, J.**

**WESTBROOKS, J., DISSENTING:**

¶24. I agree with the majority that the chancery court had jurisdiction to hear Lanier's timely request for a hearing and that Lanier's claims were not moot. But I disagree with the majority's conclusion that the chancery court properly dismissed Lanier's complaint in order for him to receive a hearing to exhaust his administrative remedies. This is a mischaracterization of what occurred below. In fact, by failing to give Lanier a timely hearing, the School District violated Lanier's right to due process, and the chancery court had jurisdiction to analyze the due process claim. Lanier exhausted his administrative remedies when he appropriately requested a due process hearing. Because of this, I must respectfully dissent.

¶25. Lanier's complaint specifically asked the chancery court to declare that the "District failed to provide Lanier with a [statutorily required due process] nonrenewal hearing" in violation of his right to procedural due process; the complaint also explicitly requested **"back pay[,] . . . other damages for which the Court deems reasonable and just . . . [, and] . . . such other relief as the Court deems appropriate**." (Emphasis added). This means the chancery court could have and should have addressed the alleged due process violation by

11

the School District instead of dismissing Lanier's claim in order for him to proceed with an overdue administrative hearing.

¶26. Furthermore, I am greatly concerned that remanding this case for an EEPL hearing instead of analyzing Lanier's due process claim moots any of Lanier's future claims for due process violations by the District. This result allows the District to sidestep timely giving Lanier his properly requested due process hearing while also avoiding any damages or consequences for its alleged due process violations. Once Lanier completes his administrative hearing, his due process claims evaporate, although he twice clearly and correctly requested his statutorily required hearings.

¶27. Finally, jurisdictional issues are reviewed de novo. *Harrison v. Boyd Miss. Inc.*, 700 So. 2d 247, 248 (Miss. 1997) (citing *McDaniel v. Ritter*, 556 So. 2d 303, 308 (Miss. 1989)). Motions to dismiss are also reviewed de novo. *Moses v. Rankin County*, 285 So. 3d 620, 623 (¶8) (Miss. 2019) (citing *Rose v. Tullos*, 994 So. 2d 734, 737 (¶11) (Miss. 2008)). I believe under our de novo review of this case this Court should analyze the due process claims and remand this case to the chancery court to determine whether the equitable, compensatory, or nominal relief Lanier requested in his complaint is appropriate.

¶28. Lanier received two separate nonrenewal letters from the School District. In response to both letters, he timely requested due process hearings in writing pursuant to Mississippi Code Annotated section 37-9-109 (Rev. 2019) of the EEPL.[4] The second nonrenewal letter

---

[4] Section 37-9-109 states in pertinent part:

An employee who has received notice under Section 37-9-105, upon written request from the employee received by the district within ten (10) days of

12

(which was identical to the first) was sent by the School District in an attempt to reset the clock after Lanier's first-requested due process hearing was not scheduled within the statutorily provided window.[5] Lanier again timely requested a due process hearing in writing in response to the second nonrenewal letter from the School District. This request was made in Lanier's special appearance and motion to dismiss the case. Despite Lanier's request, the School District sent a letter to Lanier stating he did not request a hearing in response to the second nonrenewal letter; thus, the decision not to renew his contract was final.

¶29.    Lanier filed suit on September 9, 2020, for declaratory, injunctive, and equitable relief in the Jones County Chancery Court. He also made a request for other relief as deemed appropriate by the chancery court. The District filed a motion to dismiss or, in the alternative,

---

receipt of the notice by the employee, shall be entitled to:

(a)Written notice of the specific reasons for nonreemployment, together with a summary of the factual basis therefor, a list of witnesses and a copy of documentary evidence substantiating the reasons intended to be presented at the hearing. . . .

(b) An opportunity for a hearing at which to present matters relevant to the reasons given for the proposed nonreemployment, including any reasons alleged by the employee to be the reason for nonreemployment . . . .

(c) Receive a fair and impartial hearing before the board or hearing . . . .

. . . .

If the employee does not request a hearing, the recommendation regarding the nonreemployment of the employee shall be final.

[5] The statute requires that the date for a hearing "shall be set not sooner than five (5) days nor later than thirty (30) days from the date of the request, unless otherwise agreed." Miss. Code Ann. § 37-9-111(1) (Rev. 2019).

for summary judgment in October 2020. *See* M.R.C.P. 12(b)(6), 56. At a hearing on the motion to dismiss, Lanier's attorney Jason Owens testified that after receiving the July 8, 2020 letter, he and Lanier continued to request a hearing on the second nonrenewal letter in addition to making their written request. Their repeated requests for a due process hearing were denied by the School District.

¶30.    The chancellor in this case determined that the case was "not ripe for the Court to make any determination on the issues" and dismissed the case "so that the Plaintiff can pursue his administrative hearing before the School District." Again, I believe the chancery court erred when it dismissed the claim completely. Although the chancery court framed its decision as being based on the failure to exhaust administrative remedies, *Lanier did exhaust his administrative remedies* by making a hearing request not once, but twice. The School District failed Lanier by denying his opportunity to be heard and thereby violated his right to due process. So while not framed by the chancellor as a due process violation, that is exactly what this case involves. Given this alleged violation, the chancery court had jurisdiction to declare, as Lanier requested in his complaint, "that the Laurel School District failed to provide Mr. Lanier with a [statutorily required due process] nonrenewal hearing" in violation of his right to receive procedural due process, to gather facts to make a determination of whether Lanier's substantive due process rights were violated, and to consider Lanier's request for "back pay" and other equitable damages.

¶31.    Mississippi's EEPL is intended to provide the following protections to school district employees:

[P]rovide a mechanism for the nonrenewal of licensed education employees in a timely, cost-efficient and fair manner; to provide public school employees with notice of the reasons for not offering an employee a renewal of his contract; to provide an opportunity for the employee to present matters in extenuation or exculpation; to provide the employee with an opportunity for a hearing to enable the board to determine whether the recommendation of nonemployment is a proper employment decision and not contrary to law and to require nonrenewal decisions to be based upon valid educational reasons or noncompliance with school district personnel policies.

Miss. Code Ann. § 37-9-101 (Rev. 2019).

¶32. The statutes also give employees the rights to (1) "[w]ritten notice of the specific reasons for nonreemployment, together with a summary of the factual basis therefor, a list of witnesses and a copy of documentary evidence substantiating the reasons intended to be presented at the hearing"; (2) "[a]n opportunity for a hearing at which to present matters relevant to the reasons given for the proposed nonreemployment"; and (3) "a fair and impartial hearing before the board or hearing officer." *Id*. § 37-9-109(a)-(c). These collected statutes delineate the employee's obligation to request a hearing in writing within ten days of the receipt of a nonrenewal notice. *Id*. If no hearing request is made, the recommendation regarding nonreemployment is final. *Id.* At the hearing, the school board is required to "ma[k]e stenographic notes of the proceedings" that can be used as a record if the employee files a judicial appeal of the school board's decision. *Id*. § 37-9-111(4). Although the hearing may take place in front of a hearing officer or the entire school board, "in no event shall the hearing officer be the staff member responsible for the initial recommendation of nonreemployment" because "[n]o hearing officer may have an interest in the outcome of a hearing[.]" *Id*. § 37-9-111(1). The purpose of laws protecting Mississippi school employees

15

has been described by our Supreme Court as one "to protect employees from unfair and sometimes vindictive practices of their superiors." *Burks v. Amite Cnty. Sch. Dist.*, 708 So. 2d 1366, 1369 (¶10) (Miss. 1998) (internal quotation marks omitted) (quoting *Jackson v. Bd. of Education*, 349 So. 2d 550, 553 (Miss. 1977)).

¶33. In the present case, these protections were disregarded. Given that Lanier made a proper request for a due process hearing, yet never received one, the chancery court had jurisdiction to hear his original complaint and to assess the absence of due process. In *Noxubee Cnty. Sch. Bd. v. Cannon*, 485 So. 2d 302 (Miss. 1986), the school board made the same lack-of-original-jurisdiction argument after it failed to provide a teacher with proper notice of her nonrenwal as well as a due process hearing. *Id*. at 305. In that case the Supreme Court held:

> The chancery court does not have original jurisdiction to hear matters concerning nonrenewal of teachers' contracts when the school board has made a substantial and good faith attempt to comply with the School Employment Procedures Law.
>
> The record reveals no such substantial and good faith attempt by the superintendent and board to comply with the statutory provisions in this case. The school board failed to provide Mrs. Cannon with written notice of nonrenewal, nor was she given an opportunity for a hearing before the board at which to present matters relevant to the reasons given for the nonreemployment decision. Under these circumstances, we think Mrs. Cannon properly invoked the original jurisdiction of the chancery court.

*Id*. The Supreme Court in *Cannon* did not remand the case for the administrative due process hearing; instead the Supreme Court affirmed the chancery court's judgment awarding back pay and benefits to the employee who was not given due process. *Id*. at 304-05.

¶34. I find that the same reasoning applies to the present case. Here, Lanier made a clear

16

request for a hearing for both the first and second nonrenewal letters, and the School District failed to provide him with the statutorily required due process hearing. The pleadings do not reflect any good faith attempt on the part of the School District to do so. Accordingly, original jurisdiction on matters of deprivation of due process and equitable damages was appropriate in the chancery court.

¶35. The majority contends that this Court should not review Lanier's due process claim because "Lanier did not appeal . . . the chancery court's decision in this regard." *Ante* at ¶19. But this is an appeal from a motion to dismiss, and it is one that raises jurisdictional concerns. The School District acknowledges this appeal is one *solely* from a motion to dismiss in its brief's standard-of-review section, which only lists the proper framework for analyzing a motion to dismiss—de novo review. "When we say that our standard of review is 'de novo,' that simply means that 'this Court sits in the same position as did the trial court' and that we do not defer to the trial court's ruling." *Stowe v. Edwards*, 331 So. 3d 24, 33 (¶34) (Miss. Ct. App. 2021) (quoting *R.J. Reynolds Tobacco Co. v. King*, 921 So. 2d 268, 270-71 (¶10) (Miss. 2005)), *cert. denied*, 331 So. 3d 535 (Miss. 2022); *accord, e.g.*, *Jackson v. Payne*, 922 So. 2d 48, 51 (¶5) (Miss. Ct. App. 2006). "If we sit in the same position as the trial court, we will not consider issues or arguments that were never presented to the trial court." *Stowe*, 331 So. 3d at 34 (¶34) (internal quotation marks omitted). In this case, of course, Lanier presented his due process issues to the chancery court in his complaint when he requested not only a due process hearing but also "back pay[,] . . . other damages for which the Court deems reasonable and just . . . [, and] . . . such other relief as the Court

17

deems appropriate." This request was made before the School District filed its motion to dismiss (the granting of which prompted the School Board to appeal). In this dissent, I undertake an analysis of whether the order granting that motion to dismiss was warranted. I find that it was not because the chancery court should have analyzed the due process issues given the complaint's additional requests for relief.

¶36. Furthermore, this Court may make an independent analysis of due process issues on appeal. *See, e.g.*, *Akins v. Miss. Dep't of Revenue*, 70 So. 3d 204, 208-09 (¶¶9-19) (Miss. 2011); *Holt v. Miss. State Bd. of Dental Exam'rs*, 131 So. 3d 1271, 1276-80 (¶¶8-28) (Miss. Ct. App. 2014). In fact, "[w]hether a party received due process is a question of law, which [an appellate court reviews] de novo." *Akins*, 70 So. 3d at 208 (¶9). I will briefly provide this analysis, which the majority has refrained from conducting.

¶37. "Procedural due process claims require a two-step analysis: (1) does the plaintiff have a property interest entitled to procedural due process protection; and (2) if yes, what process is due." *Harris v. Miss. Valley State Univ.*, 873 So. 2d 970, 985 (¶40) (Miss. 2004) (citing *Bluitt v. Houston Indep. Sch. Dist.*, 236 F. Supp. 2d 703, 733 (S.D. Tex. 2002)). For the first prong, we must note that an at-will employee "ha[s] no valid claim of entitlement in employment" and thus no property interest, *see Levens v. Campbell*, 733 So. 2d 753, 763 (¶¶46-48) (Miss. 1999), nor does a non-tenured employee have an automatic property interest in being re-employed. *See Hall v. Bd. of Trs. of State Insts. of Higher Learning*, 712 So. 2d 312, 319-20 (¶¶27-28) (Miss. 1998) (analyzing *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)). But "[an] enforceable property interest in [public] employment

18

may be created by a state statute, or state regulation, or contract." *Wicks v. Miss. Valley State Univ.*, 536 So. 2d 20, 22 (Miss. 1988). Specifically, the United States Court of Appeals for the Fifth Circuit in *McDonald v. Mims*, 577 F.2d 951 (5th Cir. 1978), analyzed property interests after a teacher was dismissed without school officials complying with the notice and hearing provisions of the Mississippi Public School Fair Dismissal Act. *Id.* at 952-53. The *Mims* court noted the following:

> A protectable property interest in public employment exists if a legitimate claim of entitlement to continued employment is created by a source independent of the Due Process Clause itself, such as state law. *Bishop v. Wood*, 1976, 426 U.S. 341; *Board of Regents v. Roth*, 1972, 408 U.S. 564; *Perry v. Sindermann*, 1972, 408 U.S. 593; *cf. Memphis Light, Gas and Water Division v. Craft*, 1978, 436 U.S. 1. Such a claim need not be unconditional, *Fuentes v. Shevin*, 1972, 407 U.S. 67, and its existence is not precluded by the absence of a state procedure for its protection, *Memphis Light*, *supra*; *Arnett v. Kennedy*, 1974, 416 U.S. 134. Instead, the issue is whether there are "(state) rules or mutually explicit understandings" between the claimant and the state that could be invoked at a hearing and that would suffice to support a claim of entitlement. *Perry v. Sindermann*, *supra*, 408 U.S. at 601.

*Id*. at 952 (parallel citations omitted). In *Mims*, the court found that "[t]hose employee rights guaranteed by the Mississippi Public School Fair Dismissal Act[6] preclude the arbitrary dismissal of school teachers covered by the Act. . . . This protection alone, under Mississippi decisional law, creates a protectable property interest." *Id*. (citing *In re Bishop*, 211 Miss. 518, 52 So. 2d 18 (1951)). The *Mims* court found that our Supreme Court's "interpretation of the effect of those provisions, . . . establishes the existence of such a claim beyond doubt."

---

[6] The Mississippi Public School Fair Dismissal Act, the predecessor of the EEPL, was retitled as the School Employment Procedures Law of 1977, which was amended to the current title of "Education Employment Procedures Law of 2001." *Calhoun Cnty. Bd. of Ed. v. Hamblin*, 360 So. 2d 1236, 1238 (Miss. 1978); 2001 Miss. Laws ch. 459, § 1 (H.B. 527).

*Id.* (citing *McDonald v. E. Jasper Cnty. Sch. Dist.*, 351 So. 2d 531 (Miss. 1977); *Jackson v. Bd. of Ed. of Oktibbeha Cnty.*, 349 So. 2d 550 (Miss. 1977)).

¶38. Here it is uncontested that the EEPL, a state law, provides that an employee like Lanier shall have an opportunity for a hearing before termination. Miss. Code Ann. § 37-9-109(b). At this statutorily required hearing, Lanier would have been able to determine whether he had a "legitimate claim of entitlement to continued employment" as he brought his case before the Laurel School Board. *Mims*, 577 F.2d at 952. The employee's right to a hearing is guaranteed by the EEPL, and using the same reasoning applied in *Mims*, the protection of the employee's rights under the EEPL is a protectable property interest. *Id.* Given the above, the first prong of the two-step analysis for procedural due process claims has been met.

¶39. For the second prong of the analysis, we must assess what due process requires. *Harris*, 873 So. 2d at 985 (¶40). Procedural due process requires, at a minimum, that a public employee receive notice and an opportunity to respond. *Id.* (citing *Harris v. Miss. Valley State Univ.*, 899 F. Supp. 1561, 1574 (N.D. Miss. 1995)). Here, the EEPL simplifies this query, as it lists the requirements of notice and an opportunity for a hearing upon request at which to present matters relevant to nonreemployment. Miss. Code Ann. § 37-9-109. As discussed above, this statutorily required hearing was not provided after Lanier twice requested it. Therefore, the second step of the two-step analysis for procedural due process claims also has been met.

¶40. "The United States Supreme Court recognized . . . that the 'right to procedural due

20

process is "absolute'"; therefore, even in the absence of actual injury, 'the denial of procedural due process should be actionable for nominal damages[.]'" *Fisher v. Jackson Cnty. Sheriff's Dep't*, 328 So. 3d 704, 720 (¶43) (Miss. Ct. App. 2021) (Barnes, C.J., concurring in part) (quoting *Carey v. Piphus*, 435 U.S. 247, 266 (1978)), *cert. denied*, 329 So. 3d 1201 (Miss. 2021). The concurrence in *Fisher* also points out that the Fifth Circuit extended the Supreme Court's premise in *Carey*, reasoning that "if a plaintiff can prove actual damages resulting solely from the deprivation of procedural due process, the plaintiff is entitled to damages." *Id.* at (¶44) (quoting *Wilson v. Taylor*, 658 F.2d 1021, 1032 (5th Cir. Unit B Oct. 1981)). I agree with this analysis and would remand for the chancery court to gather the facts it requires to determine whether the equitable, compensatory, or nominal relief Lanier requested is appropriate. Specifically, Lanier requested back pay and "other damages for which the Court deems reasonable and just." For example, these damages could include any pay cut Lanier incurred when he was forced to find new employment. Here, because the two-step analysis shows that Lanier's right to procedural due process was violated, the chancery court should be required to proceed on remand by making further findings regarding the damages Lanier requested.

¶41. Based on the foregoing, I believe the chancery court erred by dismissing Lanier's entire complaint when it determined that he should have an administrative hearing. The chancery court had jurisdiction to declare, as Lanier requested, that the "District failed to provide Lanier with a [statutorily required due process] nonrenewal hearing" in violation of his right to procedural due process, and the chancery court had jurisdiction to consider

21

Lanier's request for "back pay" and other equitable damages in that matter as requested in the complaint. The majority's affirmation of this decision will give school boards the ability to sidestep their due process requirements with no repercussions for their actions. Accordingly, I would reverse the order and remand the case to the chancery court for proceedings consistent with my opinion. Therefore, I must respectfully dissent.

**BARNES, C.J., AND McDONALD, J., JOIN THIS OPINION.**